35887.  GRIFFETH *v.* COUNTY OF BARROW *et al.*

DECIDED OCTOBER 6, 1955.

*Quillian, Quillian & Thomas, Alfred A. Quillian,* for plaintiff in error.

*Richard D. Carr,* contra.

GARDNER, P. J.   The question involved is, of course, did the deceased employee sustain an injury such as is contemplated by the Workmen's Compensation Act?

There are cases which have been decided by this court granting compensation because of exertion causing death or injury, and there are cases which have been decided contrawise.   Suffice it to say that the *amount* of exertion, among other things, is always a controlling factor.   Counsel for the plaintiff cite *Hartford Accident &c. Co.* v. *Waters,* 87 *Ga. App.* 117 (73 S. E. 2d 70). In that case the defendant was brushing cotton lint off a spinning frame, using a broom weighing two to four pounds from which most of the handle had been cut.   The deceased became dizzy and fainted, was removed immediately from the building in this unconscious condition, and carried to a hospital.   In the instant case, the deceased finished his work for the day without complaining to fellow employees as to how he felt.   Therefore, the facts there and here are not sufficiently similar to be considered. It is true, as stated in *Maryland Casualty Co.* v. *Dixon,* 83 *Ga. App.* 172 (63 S. E. 2d 272), cited by counsel for the plaintiff, that "The fact that such an attack is made more likely or probable by a pre-existing weakened physical condition is not a ground for denying compensation, if there is sufficient competent evidence that it was traumatic rather than idiopathic in origin. . . And if the exertion of the employment was the immediate precipitating cause of the employee's death or disability, the mere fact that the attack itself was delayed somewhat, and occurred after the employee had left the premises of his employer, is not in itself sufficient reason for denying compensation."   Counsel also cites *Liberty Mutual Ins. Co.* v. *Meeks,* 81 *Ga. App.* 800 (1) (60

S. E. 2d 258). In that case the deceased had been carrying concrete slabs weighing sixty to seventy-five pounds each from an elevator across a roof where they were being used by a workman. This, of course, was done by the deceased in that case throughout the day with no rest period. Not so in the instant case. It thus becomes a question of law as to whether there is in the record evidence to support the finding of the director, either awarding or denying compensation, in cases involving strokes, seizures, and fatalities of like kind. Of course, an award must be predicated upon competent evidence, as pointed out by counsel for the plaintiff. See *Lathem* v. *Hartford Accident &c. Co.*, 60 *Ga. App.* 523 (3 S. E. 2d 916). This is a correct principle of law, but is not cause for reversal of the instant case, as there was competent evidence to support the finding of the State Board of Workmen's Compensation. The time element is not the entire controlling factor involved in the instant case. The fact of lack of sufficient exertion is also a factor. *Lumberman's Mutual Casualty Co.* v. *Griggs*, 190 *Ga.* 277 (9 S. E. 2d 84); *Williams* v. *Maryland Casualty Co.*, 67 *Ga. App.* 649 (21 S. E. 2d 478); *Bituminous Cas. Corp.* v. *Powell*, 84 *Ga. App.* 235 (65 S. E. 2d 825); *Massachusetts Bonding & Ins. Co.* v. *Turk*, 84 *Ga. App.* 547 (66 S. E. 2d 364); *Reed* v. *Lumbermens Mutual Cas. Co.*, 84 *Ga. App.* 541 (66 S. E. 2d 360); and *U. S. Casualty Co.* v. *Kelly*, 78 *Ga. App.* 112 (50 S. E. 2d 238), are all inapplicable because the facts are so unlike the facts in the case at bar.

The rulings in *Royal Indemnity Co.* v. *Land*, 45 *Ga. App.* 293 (164 S. E. 492), and *Davis* v. *Bibb Mfg. Co.*, 75 *Ga. App.* 515 (43 S. E. 2d 780), are inapplicable here. On the other hand, we think the ruling in *American Mut. Liability Ins. Co.* v. *Hardin*, 64 *Ga. App.* 593, 13 S. E. 2d 685), is controlling. In that case the court said: "In cases of this kind the burden of proof is on the claimant to establish the fact that he has sustained an accidental injury such as is contemplated by the Workmen's Compensation Act. The Industrial Board found as a fact that this burden had not been carried by the claimant. This finding is binding on all courts when there is evidence in the record to support it." Again we reiterate that the determination of this case rests solely on whether or not there is any competent evidence to support the findings of the State Board of Workmen's Compensation. We

think there is abundant evidence to support the finding of the board. If there is any competent evidence to support such finding, the Court of Appeals is bound to support it, in the absence of fraud. In *B. F. Goodrich Co.* v. *Arnold,* 88 *Ga. App.* 64 (1) (76 S. E. 2d 20) it is stated: "The Workmen's Compensation Act makes the finding of the board upon the facts final and conclusive, and in the absence of fraud such finding cannot be set aside by any court if there is any competent evidence to support it." See also *Liberty Mutual Ins. Co.* v. *Holloway,* 58 *Ga. App.* 542 (199 S. E. 334); *Adams* v. *Glens Falls Indemnity Co.,* 58 *Ga. App.* 663 (199 S. E. 783); *Bituminous Casualty Co.* v. *Jackson,* 68 *Ga. App.* 447 (23 S. E. 2d 191); *Maryland Casualty Co.* v. *Hopkins,* 71 *Ga. App.* 175 (30 S. E. 2d 357); *Georgia Casualty Co.* v. *Martin,* 157 *Ga.* 909 (122 S. E. 881); *Maryland Casualty Co.* v. *England,* 160 *Ga.* 810 (129 S. E. 75); *Fried* v. *U. S. Fidelity &c. Co.,* 192 *Ga.* 492 (15 S. E. 2d 704).

The deputy director correctly found against the claimant. The full board correctly affirmed the finding of fact and award, and the Superior Court of Barrow County did not err in affirming this award.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*