37507. KING *v.* FULTON BAG & COTTON MILLS.

QUILLIAN, Judge. 1. "The fact that . . . [a judgment] was rendered upon a consent . . . does not give it any greater validity than if it had been rendered after a sharp and protracted litigation. Parties are of course bound by judgments rendered by courts of competent juristiction to which they have submitted their controversies, and the judgments bind them whether they expressly agree to them or not, and an express agreement that a particular judgment should be rendered gives to that judgment no peculiar character and renders it no more sacred than the ordinary judgment. While a judgment is a contract of record, the agreement which the law implies from such a contract is simply that the parties will stand to and abide what has been decreed in the case upon the law and the facts then involved or which could have been properly involved. But a judgment does not bind the parties as to any matter which was not directly or indirectly involved in the suit and which, from the nature of the case, could not have been passed upon or adjudicated by the court

at the time the judgment was rendered." *Marietta Chair Co.* v. *Henderson,* 121 *Ga.* 399, 409 (49 S. E. 312, 104 Am. St. Rep. 156, 2 Ann. Cas. 83).

2. Where, on a hearing by the State Board of Workmen's Compensation, reviewing an award of a single director, granting compensation as the result of an accident arising out of and in the course of the claimant's employment, which rendered her temporarily totally disabled as the result of traumatic hysteria, the board affirms the award, which was authorized by the evidence, but on appeal to the superior court, the court reverses the award and enters judgment for the defendant employer by agreement and consent, as the parties have between themselves entered into an agreement in the nature of a lump-sum settlement, the judgment of the superior court is a nullity. The superior court has no power to reverse an award of the State Board of Workmen's Compensation, based upon sufficient competent evidence, nor to render such an award by consent of the parties, who have entered into a lump-sum settlement without authority from the State Board of Workmen's Compensation. *Department of Industrial Relations* v. *Travelers Ins. Co.,* 177 *Ga.* 669 (170 S. E. 883).

3. And where, upon a motion to set such a judgment aside for lack of jurisdiction (all demurrers thereto having been withdrawn without any ruling thereon), it appears from the evidence that the judge of the superior court who had entered the judgment reversing the board and finding for the defendant employer, had never read the evidence in the record on appeal, but signed the judgment which had been prepared by counsel by agreement of the parties, who told him "that they had agreed to a lump-sum settlement and they wanted to get the record so they could get their money . . . and the other side wanted to pay it," the superior court erred in denying the motion to set aside the judgment.

*Judgment reversed. Felton, C. J., and Nichols, J., concur.*

DECIDED FEBRUARY 12, 1959—REHEARING DENIED APRIL 1, 1959.

*William A. Thomas,* for plaintiff in error.

*Gambrell, Harlan, Russell, Moye & Richardson, T. M. Forbes, Jr., John W. Chambers,* contra.

### ON MOTION FOR REHEARING.

QUILLIAN, Judge. To obviate the possibility of any misunderstanding of what is here held, we wish to point out that we fully recognize that motions to set aside judgments must, in ordinary cases (where fraud, accident, mistake, or irregularity is not invoked), be based on defects appearing upon the face of the record or pleadings, and the brief of evidence does not constitute a part of the "record" in that sense. *DeCoff* v. *Newman*, 79 *Ga. App.* 162 (53 S. E. 2d 134). In workmen's compensation cases, however, the entire proceedings, namely the claim, the evidence, findings of the board or director, and the award, constitute the face of the record; and consequently, where, as in this case, there was evidence authorizing the finding made and the superior court reversed the award for the claimant and entered a finding for the defendant, which, under these circumstances it was without jurisdiction to do (See *Griffeth* v. *County of Barrow*, 92 *Ga. App.* 698, 706, 89 S. E. 2d 895, and the numerous cases there cited), the defect was one appearing upon the face of the record, and the judgment should properly have been set aside.

*Felton, C. J., and Nichols, J., concur.*