21810. THOMAS et al. v. UNITED STATES CASUALTY COMPANY et al.

QUILLIAN, Justice. 1. The testimony of nonexpert witnesses who observed the exertion of an employee exercised in the discharge of the duties of his employment and the appearance of such employee, his obvious weakness and apparent state of being in considerable pain immediately after such exertion, together with his declarations that he was in need of medical attention and other surrounding circumstances such as the fact that he dies shortly thereafter without recovering from such seizure, even in the absence of expert medical testimony, is sufficient evidence to make an issue of fact on a hearing before the Workmen's Compensation Board as to whether the employee's death was caused by an accident arising out of and in the course of his employment. *U. S. Cas. Co. v. Smith*, 162 Ga. 130 (133 SE 851); *Fidelity & Cas. Co. v. Adams*, 70 Ga. App. 297 (28 SE2d 79); *Travelers Ins. Co. v. Young*, 77 Ga. App. 512 (48 SE2d 748); *Hartford Accident &c. Co. v. Waters*, 87 Ga. App. 117 (73 SE2d 70); *Hoffman v. National Surety Co.*, 91 Ga. App. 414 (85 SE2d 784); Crescent W. & W. Co. v. Cyr, 200 F2d 633, 637. As held in *Lumbermen's Mut. Cas. Co. v. Griggs*, 190 Ga. 277 (9 SE2d 84), it is not essential to the validity of an award in favor of the employee's dependents that the exertion be greater than that customarily employed by him in the course of his employment. See also *Hardware Mut. Cas. Co. v. Sprayberry*, 195 Ga. 393 (24 SE2d 315); *Williams v. Maryland Cas. Co.*, 67 Ga. App. 649 (21 SE2d 478); *Lumbermen's Mut. Cas. Co. v. Bridges*, 81 Ga. App. 395, 404 (58 SE2d 849).

2. A heart attack or other sudden seizure experienced by an employee while physically exerting himself in the course of his employment and caused by such exertion has uniformly been recognized by the opinions of this court and the Court of Appeals as an accident arising out of and within the course of the employee's employment within the meaning of *Code Ann.* § 114-102 (Ga. L. 1946, pp. 103, 104), and the fact of such accident when proved by competent evidence shifts the burden of evidence to the employer to show by a preponderance of evidence that the disability or death of the employee was not the result of that accident. *Royal Indem. Co. v.*

*Land,* 45 Ga. App. 293 (164 SE 492); *New Amsterdam Cas. Co. v. Brown,* 91 Ga. App. 12 (84 SE2d 594).

3. Where, as in this case, there is a conflict in the evidence of nonexpert witnesses furnishing proof of facts and circumstances from which it may be reasonably inferred that the exertion of the employee in the course of his employment resulted in his death and there is testimony of expert medical witnesses that the activity of the employee in the performance of his duties may have caused such an attack, but in their opinions did not have that result and could have been sustained by the employee when inactive or in repose, it is a question of fact for the determination of the Board of Workmen's Compensation as to which conclusion is correct. *Travelers' Ins. Co. v. Thornton,* 119 Ga. 455, 456 (46 SE 678); *Manley v. State,* 166 Ga. 563, 566 (19) (144 SE 170); *Autry v. General Motors &c. Plant,* 85 Ga. App. 500 (69 SE2d 697). The deputy director, as the trier of fact, is not bound to accept the opinion or theory of any particular medical witness; and a jury is not bound by the opinions of expert witnesses. *Boyd v. State,* 207 Ga. 567 (1) (63 SE2d 394); *Holmes v. Harden,* 96 Ga. App. 365, 371 (100 SE2d 101). This is but a practical application of the provisions of *Code* § 38-1710. In *U. S. Cas. Co. v. Smith,* 162 Ga. 130, 137, supra, it is further observed: "The distinction between proximate and remote causes is not to be too rigorously pressed in the application of the Workmen's Compensation Act."

4. The holding of the Court of Appeals in this case is contrary to what is held in the preceding syllabus and consequently is reversed.

*Judgment reversed. All the Justices concur.*

Argued October 9, 1962—Decided November 8, 1962—
Rehearing denied December 3, 1962.

*Henley & Epstein, Clyde W. Henley, Leon S. Epstein, William Hall,* for plaintiffs in error.

*Woodruff, Savell, Lane & Williams, John M. Williams,* contra.