39856. CARTER v. GEORGIA POWER COMPANY.

DECIDED FEBRUARY 4, 1963—
REHEARING DENIED FEBRUARY 22, 1963.

*McFarland & Cooper, Martin H. McFarland,* for plaintiff in error.

*Smith, Field, Ringel, Martin & Carr, Richard D. Carr, Ralph H. Hicks,* contra.

HALL, Judge. In this case error is assigned on a judgment of the superior court affirming an award of the Director and the full Board of Workmen's Compensation, denying compensation to the claimant (plaintiff in error). The claimant's deceased husband was a line foreman for the Georgia Power Company (defendant in error). He was stricken on the line repair truck from which he and his crew were working and taken to the hospital where he shortly died of a heart attack (coronary thrombosis and acute myocardial infarction).

The evidence included the testimony of a physician that, in his opinion, based on facts in evidence, the deceased had a myocardial infarction precipitated by the activity of his work while on the job late Saturday night or early Sunday morning, and that any and all of the deceased's activity following this myocardial infarction, including the mental strain and responsibility as well as the physical exertion on his job the following Monday, the day he died, contributed to and precipitated further damage and resulting death.

The award indicates that the director interpreted the medical opinion testimony to say no more than that the deceased's performance of his usual duties possibly could have precipitated

his fatal heart attack. His award denying compensation recited that where "the cause of death was merely speculative, or other things could have precipitated it besides his work, that this is not sufficient to satisfactorily carry the burden of showing that death resulted from an accident arising out of and in the course of employment," and further, "the burden is on the claimant to show that death appears to be from accident and not due to natural causes disassociated from employment," and "I have no alternative other than to find as a matter of fact that the widow claimant has not carried the burden of proof necessary to show that the deceased sustained an accidental injury which arose in and out of the course of his employment. . ." We do not agree with the director's interpretation of the evidence, but even if we assume it is correct, the award shows that the director proceeded upon an erroneous theory in that he considered the medical testimony as he interpreted it insufficient as a matter of law to support any award other than a denial of compensation. In *Thomas v. U. S. Cas. Co.*, 218 Ga. 493 (128 SE2d 749), (decided subsequently to this award) the Georgia Supreme Court held when there is evidence "from which it may be reasonably inferred that the exertion of the employee in the course of his employment resulted in his death and there is testimony of expert medical witnesses that the activity of the employee in the performance of his duties may have caused [a heart] attack, but in their opinions did not have that result and could have been sustained by the employee when inactive or in repose, it is a question of fact for the determination of the Board of Workmen's Compensation as to which conclusion is correct." In the present case there is evidence "from which it may be reasonably inferred that the exertion of the employee in the course of his employment resulted in his death," and there is medical testimony stronger than that described in the *Thomas* case.

Accordingly, this case should be remanded with instructions that an award be entered, either for or against the claimant, in conformity with the law as pronounced in *Thomas v. U. S. Cas. Co.*, 218 Ga. 493, supra.

*Judgment reversed. Carlisle, P. J., and Bell, J., concur.*