40737. GEORGIA POWER COMPANY v. CARTER.

FRANKUM, Judge. 1. This case was previously before this court on an appeal from the order of the superior court affirming the award of the State Board of Workmen's Compensation denying compensation. See *Carter v. Ga. Power Co.,* 107 Ga. App. 380 (130 SE2d 156). The opinion and judgment of this court in that case adjudicated that the evidence adduced on the hearing was sufficient to authorize, but did not demand, an award finding in favor of the claimant. That ruling constitutes the law of the case, and no question is properly presented here respecting the sufficiency of the evidence to authorize the award of compensation.

2. Upon remand of the case the majority of the full board made an award finding that the employee had suffered a compensable accident, in which award the following language was embodied: "We further find as a matter of fact that although the medical and other evidence is somewhat conflicting, there being evidence upon which an award could be written either way, but *this being a liberally [construed] Act for beneficent purpose,* the majority of the full board finds that Frampton C. Carter, the deceased employee, suffered an injury by accident arising out of and in the course of his employment within the meaning of the *liberally construed Compensation Act,* when the work he was doing aggravated his pre-existing

condition and started in motion the thing which produced his death." (Italics ours). Under the rule announced in *Ocean Accident &c. Corp. v. Bates*, 104 Ga. App. 621 (122 SE2d 305), it is apparent that the majority of the directors in rendering the award applied an erroneous theory of law. Here, as in that case, the wording of the award indicates that the board was confused as to the application of the rule of law respecting the liberal construction of the Compensation Act. No portion of the Act was drawn in question and no construction of its language was required. As was there said (paraphrased), a reading of the award in its context shows that the majority of the directors were not applying the rule of liberal construction to the Act, but were applying that rule in evaluating the evidence. There is no distinction in the langauge used in rendering the award in that case and in the language used in rendering the award in this case.

3. The judgment must be reversed with direction that the case be remanded to the board with instructions to determine whether or not the claimant has shown her right to recover upon proper application of the rules of evidence.

*Judgment reversed with direction. Felton, C. J., and Pannell, J., concur.*

DECIDED SEPTEMBER 9, 1964.

*Smith, Ringel, Martin, Ansley & Carr, Richard D. Carr, Williston C. White*, for plaintiff in error.

*Martin McFarland*, contra.