42031. EMPLOYERS INSURANCE COMPANY
OF ALABAMA et al. v. BRACKETT.

SUBMITTED MAY 2, 1966—DECIDED OCTOBER 7, 1966—REHEARING DENIED NOVEMBER 22, 1966—

*Powell, Goldstein, Frazer & Murphy, Frank Love, Jr., Warner R. Wilson, Jr.,* for appellants.

*Brackett, Lyle & Arnall, H. P. Arnall, Best, Chambers & Mabry, Richard W. Best,* for appellee.

FRANKUM, Judge. The Superior Court of Fulton County, upon review on appeal of an award of the State Board of Workmen's Compensation denying compensation to the widow-claimant, entered an order vacating and setting aside the award and remanded the case to the board for further proceedings.

The stated basis of the judgment of the superior court was that the award made by the deputy director and adopted by the full board as its award failed to pass upon and decide the vital and controlling issue of fact in the case, which was whether the work or duties of the employment of the deceased contributed to his death, or whether such work or duties constituted a contributing proximate cause of his death. The court was of the opinion that the award and findings of the board were based on the theory that it must appear that the death was attributable solely to the work and duties of the deceased's employment before compensation could be awarded. After summarizing the findings of fact, the award made by the deputy director and adopted by the board concluded as follows: "I find as a matter of fact after a review of all the evidence in this case that R. B. Brackett died as a result of a progressive disease identified as arteriosclerosis or arteriosclerosis of the coronary arteries which took some years to develop and eventually progressed to the point where the heart muscle could not perform in an orderly manner and according to the medical evidence, caused a cardiac arrest or in simple layman's terms, Mr. Brackett's heart stopped beating due to a failure of the mechanism which pumps blood to function and resulted in the occlusion of a major coronary artery. This was shown to be true by the results of the autopsy performed by Dr. John Ellis and also on pages 3 and 4 of the deposition of Dr. Joseph Massee. . . it is obvious from the evidence in this case that the widow-claimant, Mrs. Ruby Brackett, has not carried the burden of proof required by the provisions of the Workmen's Compensation Act to show that the death of her husband was due to an accidental injury which arose out of and in the course of his employment as I find as a matter of fact from the evidence that he died from heart disease and that the death of Mr. Brackett could have occurred in his sleep, during recreation period or any other time due to the progressive nature of the arteriosclerosis of his blood vessels. Although there was evidence of a myocardial infarction having occurred from two to four weeks prior to the decedent's death, the evidence does not show that it was the precipitating cause of his death and his ultimate

cardiac arrest or arrhythmia was due to coronary arteriosclerosis and was not an accident which arose [out of and in the course of] the decedent's employment and therefore the claim for compensation must be denied." The foregoing findings of fact which were adopted by the full board were amply supported by the evidence in the record. While it is true that under the heading "Finding of Facts" the deputy director stated that "possibilities and probabilities cannot be the basis for a finding of fact," this was a mere conclusion of law which, under the principles hereinafter enunciated, the award of the full board should not be construed as having adopted.

An award of the State Board of Workmen's Compensation, like the verdict of a jury, should, where possible, be given that construction which will uphold and validate it rather than a construction which will defeat and invalidate it. Every presumption in favor of its validity should be indulged in by the courts. As has been said, legal precision and nicety in the award are not to be required, and where an intent and meaning can be given to the award which will uphold it rather than defeat it, such intent and meaning should be adopted. *Southeastern Express Co. v. Edmondson,* 30 Ga. App. 697, 700 (119 SE 39); *Maryland Cas. Corp. v. Mitchell,* 83 Ga. App. 99 (3) (62 SE2d 415); *National Surety Corp. v. Nelson,* 99 Ga. App. 95, 96 (1) (107 SE2d 718). Applying these rules of construction to the award of the full board which expressly adopted the findings of fact of the deputy director but did not adopt his conclusions of law, we do not think that it can reasonably be interpreted as finding other than that Mr. Brackett's employment did not have any causal connection with his death, and that the sole proximate cause of his death was heart disease. While the evidence adduced was conflicting, there was ample evidence to authorize the facts found by the deputy director and adopted by the board, and those facts supported the award denying compensation. It follows that the judge of the superior court erred in vacating and setting aside the award in this case and remanding the case to the board for further hearing.

*Judgment reversed. Felton, C. J., Bell, P. J., Jordan, Hall, Eberhardt, and Deen, JJ., concur. Nichols, P. J., and Pannell, J., dissent.*

PANNELL, Judge, dissenting. I dissent from the holding of the majority opinion in this case. The holding and the opinion of the judge of the superior court in this case is in my opinion correct in view of the ruling laid down in *Thomas v. U. S. Cas. Co.*, 218 Ga. 493 (128 SE2d 749) and followed in *Carter v. Georgia Power Co.*, 107 Ga. App. 380 (130 SE2d 156). These cases are in direct conflict with the erroneous legal conclusion of the single director adopted by the board in this case that medical "probabilities" cannot be the basis for its consideration in making findings of fact.

In approximately three pages entitled "Finding of Facts" the director made various findings of fact and included in these "findings of fact" was the following: "There were other possibilities or probabilities mentioned in the deposition of Dr. Edwin Thomas Avret and also Dr. Massee's deposition. *However, possibilities and probabilities cannot be the basis for a finding of fact* and it is obvious from the evidence in this case that the widow-claimant, Mrs. Ruby Brackett, has not carried the burden of proof required by the provisions of the Workmen's Compensation Act to show that the death of her husband was due to an accidental injury which arose out of and in the course of his employment. . ." The only findings of any kind by the director were included under the title "Finding of Facts." The award of the director was as follows: "Wherefore, based on the above and foregoing findings of fact *and conclusions of law* the claim of Mrs. Ruby Brackett, widow-claimant and sole dependent of R. B. Brackett, deceased, against Whitman's Laundry and their insurance carrier, Employers Insurance Company of Alabama is hereby denied." Upon review by the full board, the board entered the following order: "After hearing argument and after careful and painstaking study of the entire record, the majority of the full board is of the opinion that there is ample evidence to support the findings of the deputy director and said findings of the deputy director are hereby made their findings of fact. *Award.*—Wherefore, the award of Deputy Director David C. Stripling dated April 29, 1965 is hereby made the award of the full board. And it is so ordered, this the 18th day of August, 1965." In view of the

findings of fact by the director which followed his erroneous conclusion of law and his award based upon such erroneous conclusion, the adoption of his "findings of fact" by the full board, and the *adoption of his award* by the full board, leave no room for doubt that the board adopted the *conclusion of law* as well as the findings of fact based thereon.

I am authorized to state that Presiding Judge Nichols concurs in this dissent.