45617. J. M. TULL METALS COMPANY, INC.
v. UNITED STATES.

DEEN, Judge. Thaxton sustained a job-connected injury from which he eventually died in a Veteran's Hospital. The employer, Tull Metals, paid compensation until his death and thereafter, on a death claim filed by the widow and minor children, the deputy director entered an award which was affirmed by the full board and by the Judge of the Superior Court of Gwinnett County, which judgment became final in the absence of further appeal, and which stated in part: "I find that . . . there are still outstanding hospital bills from the Veterans Administration in Dublin, Georgia, in the amount of $30,263.50 . . . Under Code § 114-403 the employer and/or insurer are liable for all reasonable and necessary medical as a result of the employee's last sickness; therefore these medical expenses appear to be just, due and unpaid." Defendants were then directed "to pay any and all necessary medical expense under Georgia § 114-413 as the result of the employee's last sickness." Setting forth these facts, the United States attorney subsequently filed an application for judgment in the Superior Court of Gwinnett County as a lien claimant and party at interest under the provisions of *Code* § 114-711. The employer and insurance carrier were ordered to pay the amount found owing in the award, and they appeal from this judgment.

The question of liability to the VA was a matter actually put in issue, and the hearing director found that under *Code Ann.* § 114-413 requiring the employer to pay "all reasonable and necessary" medical expenses, that the expenses due the VA were a sum certain ($30,263.50), that they were "just, due and unpaid" and that "the employer and/or insurer are further authorized and directed to pay any and all reasonable and neces-

sary medical expenses." There was no dispute but that the services were for the claimant's last illness, since he remained unconscious in the hospital for several months before his death. Regardless of whether the award is vague and indefinite as to the "possibility other medical expenses" it is not so as to the claim of the United States.

The only question in issue is whether the appellee is a "party in interest" under the provisions of *Code* § 114-711 which provides that "any party in interest may file in the superior court of the county in which the injury occurred . . . a certified copy of . . . a final order or decision of the members . . . unappealed from . . . whereupon said court shall render judgment in accordance therewith and notify the parties." The term "party in interest" usually means one benefited or aggrieved by a judgment, but not necessarily a party to the action. *Code* § 114-711 comes from the original Act of 1920, the preamble of which begins: "*An Act to prevent industrial accidents; to provide medical and surgical care for injured employees,*" etc. As was held under a similar statute in Pacific Employers Ins. Co. v. Industrial Acc. Commn., 10 Cal. 2d 567, 577 (75 P2d 1058): "A physician who has rendered medical aid to a compensable employee may maintain an application to recover the value of his services in a proceeding in which both the employer and employee are named as defendants. *Such a physician is a party in interest* because an effective administration of the Workmen's Compensation Act both assures and requires adequate medical care and treatment," pointing out that there, as here, the system is defined as including "full provision for such medical, surgical, hospital and other remedial treatment as is requisite. . ." Again in Independence Indem. Co. v. Industrial Acc. Commn., 2 Cal. 2d 397, 408 (41 P2d 320): "Summarizing the above reasoning, we are of the opinion that the reasons above set out, considered in their entirety, compel the conclusion that a doctor, who has rendered medical or surgical services to an injured employee entitled to compensation, is a party in interest . . . and that this pecuniary interest held by the doctor in the result of the proceedings before the commission is sufficient to bring him within the class designated by the act as parties in interest."

There is no doubt that the award allowed the hospital claim to the claimant in the amount stated. It is therefore a party in interest which is entitled to proceed for collection under *Code* § 114-711.

*Judgment affirmed. Evans, J., concurs. Hall, P. J., concurs in the judgment.*

ARGUED SEPTEMBER 17, 1970—DECIDED NOVEMBER 18, 1970—
REHEARING DENIED DECEMBER 4, 1970—CERT. APPLIED FOR.

*Skinner, Wilson & Beals, Warner R. Wilson, Jr.,* for appellant.
*John W. Stokes, Jr., Beverly B. Bates,* for appellee.