### 49159. MAXEY v. LIBERTY MUTUAL INSURANCE COMPANY et al.

EVANS, Judge.

This is a workmen's compensation case. On Monday, March 13, 1972, Albert Maxey, a route salesman for a dairy products concern, leaned over to pick up some cartons of milk shortly before leaving for work, and felt dizzy. The dizziness continued after his working day and into the night while at home. It continued on the following day, and he also became aware of numbness in his side. His wife reported the sickness, but upon request of his supervisor, who did not know the route, Maxey rode with the supervisor that day. He reported to the hospital after leaving the plant on March 14th. Doctors were of the opinion that he had a stroke or vascular accident on the 14th of March, although he showed symptoms indicating that he might have suffered same on the 13th.

Being unable to work thereafter, he applied for workmen's compensation benefits.

After a hearing of the claim, the deputy director found that, based on testimony of the doctors, claimant failed to show a compensable accident, and ruled that claimant's occupation did not precipitate the stroke. The claim was denied. On review by the full board these findings were affirmed and upon appeal to the superior court, it affirmed. Claimant appeals. *Held:*

Claimant contends that as there was some evidence sufficient to support a finding that his injury was compensable, an award should have been made in his favor. He cites *Hartford Acc. &c. Co. v. Waters,* 87 Ga. App. 117 (73 SE2d 70). But the rule is directly opposite the position occupied by claimant. Under the "any evidence" rule, this court must affirm the finding by the State Board of Workmen's Compensation, whether it be in favor of the claimant or the employer-insurer. See *Sears, Roebuck & Co. v. Griggs,* 48 Ga. App. 585-587 (5) (173 SE 194).

The *Waters* case, supra, relied on by claimant, is one wherein the State Board of Workmen's Compensation decided *in favor of claimant;* hence, there he was benefited by the "any evidence" rule.

A case which is quite similar to the one sub judice is that of *Griffeth v. County of Barrow,* 92 Ga. App. 698, 705 (89 SE2d 895). There the board held that claimant's husband could have had the injuries resulting from heart disease at any time. The deputy director, and then the full board, and then the superior court, all held against the claimant, and this court was powerless to reverse. *American Mutual &c. Ins. Co. v. Harden,* 64 Ga. App. 593, 595 (13 SE2d 685); *Employers Ins. Co. v. Brackett,* 114 Ga. App. 661 (152 SE2d 420); *Department of Revenue v. Graham,* 102 Ga. App. 756 (2) (117 SE2d 902).

*Judgment affirmed. Eberhardt, P. J., and Pannell, J., concur.*

Argued March 6, 1974 — Decided April 9, 1974.

*Hudson & Montgomery, David R. Montgomery,* for appellant.

*Erwin, Epting, Gibson & Chilivis, E. Davidson Burch,* for appellees.