## 52792. TWIN CITY FIRE INSURANCE COMPANY et al. v. LOWE.

STOLZ, Judge.

This workmen's compensation claimant sustained an injury on her job in December, 1973. She gave her employer notice of the injury, but filed no workmen's compensation claim (the employer not being under the provisions of the Act at that time). She continued working, but was hospitalized several times up until June 3, 1975, at which time she was disabled to work. Notice was timely given of the June 3, 1975 disability, although none was given for any previous periods of disability. The insurer appeals from the trial court's sustaining of the award for the claimant by the administrative law judge and the full board. *Held:*

The aggravation by continued work of the claimant's pre-existing injury or infirmity (whether congenital or otherwise and even if the onset of disability was imperceptible from day to day and there was no one "accident" at a specifiable time and place to which the result may be attributable), forcing her to cease work on June 3, 1975, was a "new accident" within the meaning of Code § 114-305, which provides that the right to workmen's compensation is barred unless a claim is filed with the state board within one year after the accident. *Blackwell v. Liberty Mut. Ins. Co.,* 230 Ga. 174 (196 SE2d 129) (1973); *Williams v. Morrison Assur. Co.,* 138 Ga. App. 191 (1) (225 SE2d 778) (1976) and cits.

*Judgment affirmed. Bell, C. J., and Clark, J., concur.*

ARGUED OCTOBER 6, 1976 — DECIDED NOVEMBER 5, 1976.

*Doremus & Towers, Ogden Doremus,* for appellants.
*Jack J. Helms,* for appellee.