## 53339. McELHANNON v. ST. PAUL FIRE & MARINE INSURANCE COMPANY et al.

STOLZ, Judge.

The sole issue presented by this appeal is the sufficiency of this workmen's compensation claimant's notice of accident under Code § 114-303.

The evidence adduced at the initial hearing before the administrative law judge is summarized as follows: The clinic at the claimant's place of employment and at least two of her fellow employees were aware that the claimant had pre-existing back pains attributable to thrombophlebitis and a fall, prior to the date of the alleged injury for which the present claim was filed. On the day in question, the claimant had picked up from a printer four boxes of paper, weighing a total of 16 1/2 pounds, and was returning to her place of employment to deliver them as instructed, carrying them in her arms, when she experienced severe pain in her back, leg and foot. A fellow employee, the receptionist, observed her symptoms of pain and took the boxes from her, saying that she shouldn't have lifted heavy boxes if her back was hurting. The claimant testified that she had informed two of her employers, Doctors Grady and Nolan, that her pain commenced while she was carrying the boxes in her arms. The two doctors testified that they did not remember such a statement, not that she had not made it. The claimant was referred to and consulted other doctors, resulting in a diagnosis of a bulging disc and a laminectomy and spinal fusion.

From an award for the claimant by the board, the employer and carrier appealed to the superior court, which agreed with their contentions that constructive notice of the claimant's injury and complaint were not sufficient and that the evidence of medical expenses was too vague and indefinite for enforcement. Upon remand of the case to the board for further consideration, a second hearing was held and a second award was entered for the claimant. On appeal, the superior court again found for the employer, giving no reasons therefor, from which judgment the claimant appeals. *Held:*

In *Schwartz v. Greenbaum,* 236 Ga. 476 (224 SE2d

38) (1976), our Supreme Court expressly overruled *Royal Indem. Co. v. Coulter,* 213 Ga. 277 (98 SE2d 899) (1957) (impliedly overruling cases to the same effect), and followed the rulings in *Lumbermen's Mut. Cas. Co. v. Griggs,* 190 Ga. 277, 287 (9 SE2d 84) (1940), that Code § 114-303 does not require that *notice* of an injury or accident must show that it "arose out of and in the course of the employment," and in *Davison-Paxon Co. v. Ford,* 88 Ga. App. 890, 892 (78 SE2d 257) (1953), that "[t]he required notice need not be given with a view to claiming compensation, and is sufficient if it puts the employer on notice of the injury so that it may make an investigation if it sees fit to do so."

In *Argonaut Ins. Co. v. Cline,* 138 Ga. App. 778 (1) (227 SE2d 405) (1976), this court sanctioned the notice where, as here, there was some question as to whether the employer (there the supervisor) had heard the notice. The court in *Argonaut,* supra, p. 780, cited cases to the effect that, even if the claimant merely leaves his job to visit a doctor because of pain and the employer had knowledge of such facts, "such notice is sufficient to put the employer on inquiry as to the circumstances surrounding such disability," or, in other words, notice that the "claimant *may* have been injured on the job..." (Emphasis supplied.)

In the present case there was evidence to authorize the findings that the employer knew of the claimant's pre-existing injury and both observed and was informed of the aggravation of this pre-existing injury while on the job. (As to this see *Twin City Fire Ins. Co. v. Lowe,* 140 Ga. App. 349 (1976)).

This court, in *Argonaut,* 138 Ga. App. 778, 780, supra, observed: " 'No defect or inaccuracy in the notice shall be a bar to compensation unless the employer shall prove that his interest was prejudiced thereby and, then, only to the extent of the prejudice.' Code § 114-304. There is no evidence whatsoever that the employer has been prejudiced in any way as to lack of knowledge it has received as to notice here."

In the present case, as in *Argonaut,* supra, there is no evidence of the employer's being so prejudiced. There was adequate evidence of an injury arising out of and in the course of the employment and evidence authorizing the

award of medical expenses. It is a rule so well established as to hardly require citation of authority, that findings of fact in an award, supported by any competent evidence, are, in absence of fraud, conclusive on a reviewing court. See cases annotated under Code § 114-710, catchwords "Conclusiveness of findings."

Accordingly, the judgment in favor of the appellee-employer is reversed.

*Judgment reversed. Quillian, P. J., and Shulman, J., concur.*

ARGUED JANUARY 12, 1977 — DECIDED FEBRUARY 1, 1977.

*Brackett, Arnall & Stephens, H. P. Arnall, H. A. Stephens, Jr.,* for appellant.

*Savell, Williams, Cox & Angel, John M. Williams, Elmer L. Nash,* for appellees.