### 54977. MAYOR &c. OF SAVANNAH v. GEORGE.

SHULMAN, Judge.
This appeal is from the judgment of the superior court affirming the State Board of Workmen's Compensation's award of disability benefits to claimant.

The board found that "claimant became temporarily totally disabled on November 19, 1975, by reason of an aggravation of preexisting back problems which occurred on or about August 14, 1975," and adopted the award of the administrative law judge consistent with that finding.

1. Appellants contend that the claim cannot be sustained because the record is devoid of any incident occurring on August 14. This contention must fail.

There was sufficient evidence to authorize a finding

that claimant aggravated pre-existing back problems while lifting heavy ledger books on August 11, 1975, and that claimant was admitted to the hospital on August 14. Contrary to appellants' assertion, claimant's direct testimony that he was at work on August 11, 1975, even though in conflict with employment records (claimant's applications for sick leave) indicating that claimant was absent on August 11, 1975, is sufficient to support the award. "The weight and credit of (claimant's) testimony in view of this contradictory statement is a matter for the fact-finding body to determine. [Cits.]" *Cotton States Ins. Co. v. Rutledge,* 139 Ga. App. 729, 731 (229 SE2d 531).

2. There is no question that there was sufficient evidence to authorize the finding that supervisory personnel were aware that claimant was hospitalized because of his back aggravation and that claimant had a history of back problems. Appellants argue, however, that specific notice was lacking because claimant had continually complained of problems of a similar nature over a period of time both prior and subsequent to the date of the injury involved in the instant case and was periodically absent from work because of his medical condition. We disagree.

"In the present case there was evidence to authorize the findings that the employer knew of the claimant's pre-existing injury and . . . was informed of the aggravation of this pre-existing injury while on the job." *McElhannon v. St. Paul Fire &c. Ins. Co.,* 141 Ga. App. 169, 170 (233 SE2d 28). See also *Twin City Fire Ins. Co. v. Lowe,* 140 Ga. App. 349 (231 SE2d 125) (although claimant hospitalized several times prior to time forced to stop work, timely notice of disabling injury not vitiated by history of previous hospitalization). But see *Carey v. Travelers Ins. Co.,* 133 Ga. App. 657 (2) (212 SE2d 13) (notice insufficient; holding questionable in light of *Schwartz v. Greenbaum,* 236 Ga. 476 (224 SE2d 38)).

3. Appellants maintain that there is no evidence to support a finding of injury in August 1975. It is urged that the evidence is only consistent with recurrence of injuries and that the period of limitations (Code Ann. § 114-305) bars a claim for those injuries.

In the present case the word "aggravation" as used in

the award of the State Board of Workmen's Compensation was intended to mean a new injury and not a recurrence. See *Garner v. Atlantic Bldg. Systems,* 142 Ga. App. 517 (236 SE2d 183). "Under the any evidence rule we cannot say that this was not a new accident but [was as a matter of law] a mere change of physical and economic condition . . ." *Crown America, Inc. v. West,* 143 Ga. App. 525, 527 (239 SE2d 208).

4. The board found that although claimant had sustained an accidental job-related injury in February 1974, compensation for that injury was barred "because of his failure to file a claim within one year of the injury as provided by Code Section 114-305." Appellants urge that compensation for the August injury is also barred because the August injury was, as a matter of law, a recurrence of the February injury. Because of our decision in Division 3, supra, this enumeration is without merit.

5. At the conclusion of the hearing the administrative law judge left the record open for 30 days to permit the presentation of additional evidence of medical expenses. The full board found that it was unable to determine medical expenses and remanded the case for "the sole purpose of determining what medical treatment was authorized and the amount of authorized medical expenses."

Appellants recognize that a statement of medical expenses was submitted after the award of the full board, but assert that this was too late.

The order of the board was proper and specifically negates an impermissible open-ended award. See generally *Fieldcrest Mills v. Glass,* 143 Ga. App. 222 (5) (238 SE2d 125) (remanding case with direction that there be further findings of allowable medical expenses in accordance with Code Ann. §§ 114-502 and 114-714). See also *Blair v. U. S. Fidelity &c. Co.,* 140 Ga. App. 880 (232 SE2d 156).

Here, the full board sanctioned the delay in the submission of the medical evidence. See *Waters v. Travelers Ins. Co.,* 129 Ga. App. 761 (1) (201 SE2d 176). We cannot hold that the board erred in so doing.

*Judgment affirmed. Bell, C. J., and Birdsong, J., concur.*

ARGUED JANUARY 16, 1978 — DECIDED FEBRUARY 7, 1978 — REHEARING DENIED FEBRUARY 28, 1978 — CERT. APPLIED FOR.

*J. B. Blackburn, Stanley E. Harris, Jr.,* for appellant.
*Robert M. Ray, Jr.,* for appellee.