## 57242. COMMERCIAL UNION INSURANCE COMPANY et al. v. VERNER.

BANKE, Presiding Judge.

The employer and insurer appeal an award to the claimant in this workers' compensation case, contending that there is no evidence that the claimant gave the required 30-day notice of accident prescribed by Code

Ann. § 114-303.

The claimant was operating a farm tractor for his employer sometime in February of 1976. The tractor became stuck; and, as he stepped off, he felt a burning sensation in his back. He discounted this sensation and did not consider or treat it as an injury. The administrative law judge found that "[i]n the claimant's day-to-day employment thereafter performing similar work duties, the claimant experienced multiple accidents, injuries, and aggravations to his back so that on April 22, 1976, he became totally disabled to work."

The parties agree that the claimant did not discover any injury to his back until April 22, 1976. On that day, he consulted a physician for treatment of what he thought was a problem with his leg and learned that he had a pinched nerve in his back. He was hospitalized for treatment of this condition on the following day, April 23, 1976. He notified his employer that he wished to claim compensation for a work-connected injury either on that day or on May 15, 1976. *Held:*

"Obviously, the notice required [by Code Ann. § 114-303] is notice of *injury* by accident arising out of and in the course of the employment . . ." *Royal Indem. Co. v. Coulter,* 213 Ga. 277, 279 (98 SE2d 899) (1957). It is clear that the claimant did not realize *and had no reason to realize* that he had suffered a work-connected injury until April 22, 1976, and thus that he could not have reported it until that date. It would be totally illogical and unreasonable to require an employee to report an injury to his employer at a time when he has no reason to be aware of it himself. Thus, we hold that the 30-day notice period did not begin to run until April 22, 1976, the day when the claimant first had reason to realize he had injured his back on the tractor. Accord, *Central State Hospital v. James,* 147 Ga. App. 308, 309 (a) (248 SE2d 678) (1978), (setting forth an analagous holding in a statute of limitation case). Accordingly, the notice given to the employer was timely, whether it occurred on April 23 or on May 15.

*Judgment affirmed. Underwood and Carley, JJ., concur.*

ARGUED FEBRUARY 5, 1979 — DECIDED APRIL 19, 1979 —
REHEARING DENIED MAY 14, 1979 — 

*Savell, Williams, Cox & Angel, Michael Jablonski,
John M. Williams, Mark S. Gannon,* for appellants.
*Malone & Percilla, Del Percilla, Jr.,* for appellee.