## 57716. N. L. INDUSTRIES v. CHILDS.

BANKE, Acting Presiding Judge.

The employer and insurer appeal an award to the claimant in this workers' compensation case, contending that there is no evidence that the claimant suffered a compensable injury.

The claimant testified that he injured his thumb at work sometime in April of 1976. He reported the accident and received medical treatment, but continued to work for several months thereafter without filing any claim for compensation. The administrative law judge found from the plaintiff's testimony and from the medical evidence that "claimant's continued work so aggravated the condition as to finally cause the claimant to become totally disabled on January 4, 1977, when he was admitted to the hospital for corrective surgery." This claim was filed on September 12, 1977. *Held:*

1. "Under the broad definition of the term 'accident' as used in our [workers'] compensation law, if the employee continued to perform the duties of the employment and thereby aggravated the initial injury, this would amount to a new 'injury by accident.'" *Mallory v. American Cas. Co.,* 114 Ga. App. 641 (4), 643 (152 SE2d 592) (1966). See also *Blackwell v. Liberty Mut. Ins. Co.,* 230 Ga. 174 (196 SE2d 129) (1973); *Twin City Fire Ins. Co. v. Lowe,* 140 Ga. App. 349 (231 SE2d 125) (1976).

There is no dispute that subsequent to the 1976 accident claimant continued to use his injured right hand "with an air hammer, screwing bolts, lifting things around" and that doing so was painful to him. The doctor who performed the surgery testified that "with the status of his joint, continued heavy usage could aggravate his pain and swelling." Under the above-cited authorities, this evidence was sufficient to support the administrative law judge's finding that the claimant's disability resulted from aggravation of his 1976 thumb injury caused by continued work. Thus, the date of "accident" was properly found to be January 4, 1977, the date that the claimant ceased work. It follows that the claim was filed within the one-year limitation period set forth in Code Ann. § 114-305.

2. There was evidence to indicate that the employer was aware both of the 1976 injury and of the fact that the claimant ceased work on January 4, 1977, because of his thumb condition. Under the "any evidence" rule, this was sufficient to support a finding that the "notice of accident" requirement of Code Ann. § 114-303 had been met. Accord, *Mayor &c. of Savannah v. George,* 145 Ga. App. 57 (2) (243 SE2d 259) (1978).

*Judgment affirmed. Underwood and Carley, JJ., concur.*

ARGUED APRIL 10, 1979 — DECIDED JULY 10, 1979 — REHEARING DENIED JULY 24, 1979.

*Savell, Williams, Cox & Angel, Andrew R. Greene, John M. Williams,* for appellant.

*Jack Dorsey,* for appellee.