## 62671. MAYOR & ALDERMEN OF THE CITY OF SAVANNAH v. GEORGE.

SHULMAN, Presiding Judge.

This appeal stems from a workers' compensation case which has made a previous appearance in this court at 145 Ga. App. 57 (243 SE2d 259). In that case, this court affirmed the judgment of the superior court which affirmed the award of disability benefits to the claimant-appellee by the State Board of Workers' Compensation. We also agreed with the superior court that a remand of the case to the administrative law judge was necessary to determine what medical treatment was authorized and the amount of authorized medical expenses. Displeased with the disposition of the case on remand, appellant made an application for a discretionary appeal, which application was granted by this court.

The issues in the present action center around the board's award of medical expenses to the claimant and the superior court's affirmance thereof. That award of $7,944 covered the costs of medical services rendered to the claimant, an Air Force retiree, by medical personnel at federal government hospitals. Finding that the claimant had not paid the expenses himself and had no legal duty or obligation to do so, the ALJ concluded that the claimant was not entitled to an award to cover the medical expenses incurred at the federal facilities. The full board reversed the decision of the ALJ, stating that "the Board has always directed reimbursement [to the United States for

medical services rendered as a result of a work-related injury] and sees no reason to make an exception in this claim." The superior court modified the board's award by ordering payment of the medical expenses to the claimant rather than the United States because the latter was not a party to the proceedings. Since the claimant did not pay for and has not been billed for the medical treatment he received from the VA hospitals and because we conclude that the claimant cannot now be held legally responsible by the hospital for payment of the costs of his care, we must reverse the judgment of the superior court and hold that appellant is not obligated to pay the claimant for medical expenses he has not incurred and never will.

1. The United States cannot directly recover from appellant. Under 38 USC § 610 (a) and 38 CFR § 17.47 (d) (1), a veteran such as the claimant is eligible for admission to a VA hospital for free treatment of a nonservice-related disability provided that he is unable to defray the expenses of treatment. However, if it is ascertained that one so admitted may be able to defray the expenses of his treatment through entitlement to reimbursement of medical expenses by means of a workers' compensation statute, the veteran will be charged for his treatment to the extent of the amount of reimbursement to which he may be entitled. 38 CFR § 17.48 (d) (1). Under the regulation, the hospital must procure an assignment of the right to reimbursement from the patient it believes may be entitled to reimbursable hospital care and notify the potentially liable employer of the assignment. Because it failed to have the claimant execute the assignment, the VA is now precluded from recovering the costs of the claimant's medical care from appellant. Penn. Nat. Mut. Cas. Ins. Co. v. Barnett, 445 F2d 573 (5th Cir. 1971).

2. In their briefs, the parties mention the possibility of the United States recovering the costs of the claimant's medical treatment from appellant under the Federal Medical Care Recovery Act (USC § 2651 et seq.). However, that statute, by its own terms, is limited in its operation to tort claims only. 42 USC § 2651 (a); Penn. Nat. &c. Ins. Co. v. Barnett, supra.

3. Nor is appellant liable to appellee for the medical expenses. There is no indication in the record that the VA has billed the claimant for the treatment he received. Because nothing has been expended for medical expenses by anyone entitled to reimbursement from appellant under workers' compensation, the award for such expenses was unauthorized. See *Lumberman's Mut. Cas. Co. v. Taylor,* 34 Ga. App. 182 (129 SE 1).

4. Furthermore, the VA cannot now charge appellee for his medical care. Under its own regulations, the VA charges only those patients who may be entitled to reimbursement from a third party. In

light of our holding herein that the claimant is not entitled to reimbursement from a third party, the VA cannot charge the claimant for the services it has rendered him. 38 CFR § 17.48 (d).

5. The case of *J. M. Tull Metals Co. v. United States,* 123 Ga. App. 76 (179 SE2d 543), does not change the outcome of the present decision. In *J. M. Tull Metals,* the board awarded the widow of the decedent employee an amount to cover the outstanding hospital bills from the VA. The United States then sought judgment as a lien claimant and party in interest under Code Ann. § 114-711, and this court held that the United States was a party in interest and was entitled to collect the amount the VA had billed the employee for medical services rendered. In the case at bar, there are no outstanding hospital bills. The claimant-employee has incurred no expense and has not been billed for his treatment. As stated previously, we hold that the claimant is not entitled to an award to cover the cost of medical care he received at the VA facilities; therefore, the United States cannot proceed against him and appellant as it did against the widow and the employer in *J. M. Tull Metals.*

6. Having determined that the superior court erred in affirming the board's award of medical expenses to the claimant, we need not consider the other issues raised.

*Judgment reversed. Birdsong and Sognier, JJ., concur.*

DECIDED JANUARY 6, 1982 —
REHEARING DENIED JANUARY 26, 1982 —

*James B. Blackburn, Stanley E. Harris, Jr.,* for appellant.
*Robert M. Ray,* for appellee.