63793, 63794. JONES v. FIELDCREST MILLS, INC.; and vice versa.

DEEN, Presiding Judge.

The employee appellant in this workers' compensation case suffered a herniated disk injury which incapacitated him, necessitating lengthy hospitalization and surgery. The employee is an illiterate workman with a third grade education whose duties occasionally included climbing up on the platform of a mangle which he was operating. On August 7, 1980, he jumped from the platform and specifies this as the point of origin of his back injury. The administrative law judge hearing the case found under supportive evidence that "when he jumped down to the mill floor he almost fell at which time he had a catch in his back and the resulting pain went down his leg and also caused him to experience low back pain." He returned to work the next day but the pain increased and he reported this fact to his foreman. The latter, along with the supervisor, was aware that his back was hurting and advised him to seek medical aid, which he did. They also were apprised of the hospitalization and surgery.

An award was entered in favor of the employee which was affirmed on appeal by the full board. On appeal to the superior court this judgment was reversed for the stated reason that the employee failed to give his employer notice of his injury within 30 days as required by Code § 114-303. Jones filed a petition for discretionary

review which was granted by this court.

1. The question of the sufficiency of notice has not been an open one at least since *Schwartz v. Greenbaum,* 236 Ga. 476 (224 SE2d 38) (1976), which adopted the 1953 decision of *Davison-Paxon Co. v. Ford,* 88 Ga. App. 890, 892 (78 SE2d 257) (1953) to the effect that the required notice of injury need not be given with a view to claiming compensation. It is sufficient if it puts the employer on notice of the injury so that it may make an investigation if it sees fit to do so. It need not show that the injury arose out of and in the course of the employment; a liberal construction of Code § 114-303 is necessary to effectuate the humane purposes of the Act. To the same effect see *Home Indemnity Co. v. Brown,* 141 Ga. App. 563 (234 SE2d 97) (1977), a case very similar on its facts to the present one. See also *Commercial Union Ins. Co. v. Verner,* 150 Ga. App. 13 (256 SE2d 603) (1979); *N. L. Industries v. Childs,* 150 Ga. App. 866 (2) (258 SE2d 667) (1979). The trial court erred in reversing the award on the ground of lack of notice.

2. By cross appeal the employer contends that the application of the "any evidence rule" to its case amounts to a denial of "due process and equal protection guarantees not to have a judgment rendered against it based upon less than a preponderance of the evidence." The rule is of course otherwise. Appellate courts do not decide cases on the basis of preponderance of evidence, as that is a matter for the fact finding body. "Questions as to the preponderance of evidence, on motions for new trial, do not address themselves to this court, but rather to the discretion of the trial court. *Josey v. State,* 197 Ga. 82, 93 (28 SE2d 290)." *Smith v. State,* 95 Ga. App. 775 (98 SE2d 606) (1957). "An award of the State Board of Workmen's Compensation, like the verdict of a jury, should, where possible, be given that construction which will uphold and validate it rather than a construction which will defeat and invalidate it. Every presumption in favor of its validity should be indulged in by the courts." *Employers Ins. Co. v. Brackett,* 114 Ga. App. 661, 663 (152 SE2d 420) (1966).

"The burden of proof was on the employee to show by a preponderance of the evidence all of the essential elements of his case, that is, that he suffered an accidental injury which arose out of and in the course of his employment, and that the disability for which he claimed compensation stemmed from that injury. [Cits.] A preponderance of the evidence is the essential quantum of evidence necessary to satisfy the mind of the [administrative law judge] as to all issues of fact in a compensation case just as it is the essential quantum necessary to satisfy the minds of fact finders in other classes of civil cases. Of course, under the rule that an award of the State

Board of [Workers'] Compensation based on findings of fact supported by *any evidence* will not be disturbed by the courts on appeal, the finding of the [administrative law judge] as to where the preponderance of the evidence lies in a case is necessarily not subject to review." *Ocean Acc. &c. Corp. v. Bates,* 104 Ga. App. 621, 622 (122 SE2d 305) (1961).

"No rule is more firmly established under the [workers'] compensation law than that stated in *Maryland Cas. Co. v. Hopkins,* 71 Ga. App. 175, 177 (30 SE2d 357) [(1944)]: 'The [workers'] compensation act makes the finding of the board upon the facts final and conclusive, and in the absence of fraud such finding cannot be set aside by any court, if there is any competent evidence to support it. [Cits.] The weight and credit to be given to the testimony of the witnesses and also the conflicts in the evidence were matters for determination by the board. [Cits.]' " *Weathers v. American Cas. Co.,* 94 Ga. App. 530 (1) (95 SE2d 436) (1956). There was competent evidence in the case at bar sufficient to support the employee's claim.

*Judgment reversed in case no. 63793. Judgment affirmed in case no. 63794. Sognier and Pope, JJ., concur.*

DECIDED JUNE 21, 1982 —
REHEARING DENIED JULY 7, 1982 — ▮▮▮▮▮▮▮▮

*H. Baxter Harcourt, G. William Snipes,* for appellant.
*Max R. McGlamry,* for appellee.