*H. Baxter Harcourt, G. William Snipes,* for appellant.
*Max R. McGlamry,* for appellee.

### 63785. WILLIAMS et al. v. BENNETT.

DEEN, Presiding Judge.

This court has granted Williams, d/b/a Captain Joe's Restaurant, and Cotton States Mutual Insurance Company permission to appeal from a judgment of the superior court reversing an order of the State Board of Workers' Compensation which denied compensation benefits to Joyce Bennett.

The evidence showed that Bennett was employed by Captain Joe's Restaurant as a waitress when she had a wart on her finger removed. Complications from the removal of the wart resulted in infection and she sought workers' compensation claiming that prior to the wart's removal she bumped it several times while performing her waitress duties and, as a result, it became sore and infected. The attending physician did not corroborate her testimony that the wart

was sore and infected at the time it was removed. The restaurant manager testified that she informed him that she was having the wart removed for cosmetic reasons and that she never informed him that it was being aggravated by her working conditions. (The only person she informed that her employment aggravated the wart was her attorney.) After the wart was removed, Bennett returned to work and several days later her manager noticed that her hand was infected. He made her stop waiting on customers and become a hostess and work the cash register. She left her job because she was fired for leaving with her boyfriend during working hours to go to the movies.

At the close of testimony in the case, her attorney requested that the record be held open for thirty days for "some medicals."

1. The trial court erred in holding that the administrative law judge abused his discretion in disregarding the claimant's testimony in its entirety. The credibility of the witnesses is solely a question for the trier of fact. *Redd v. State,* 154 Ga. App. 373 (268 SE2d 423) (1980). Bennett's testimony as to injuring the wart at work could be considered to be impeached by her physician's testimony that the wart was not sore and infected when it was removed. Code § 38-1802. This judgment should have been affirmed under the "any evidence" rule. *Employers Ins. Co. v. Brackett,* 114 Ga. App. 661 (152 SE2d 420) (1966); see also *Jones v. Fieldcrest Mills,* 162 Ga. App. 848 (292 SE2d 523) (1982).

2. The trial court also erred in holding that the administrative law judge abused his discretion in quashing the taking of a lay witness' deposition for use in evidence after the hearing had been concluded. As stated in the facts above, the record shows that claimant's counsel asked that the record be allowed to remain open only to receive medical evidence.

*Judgment reversed. Sognier and Pope, JJ., concur.*

DECIDED JUNE 21, 1982 —
REHEARING DENIED JUNE 30, 1982.

*Robert L. Husby, Jr.,* for appellants.
*Edward E. Boshears,* for appellee.