IzWICKER, Judge.
This appeal arises from a worker’s compensation claim for $20,000 in death benefits pursuant to La.R.S. 23:1231 filed on behalf of Mrs. Robert L. Rhoto, Sr., the parent of decedent, Robert L. Rhoto, Jr. The decedent’s employer, Louisiana Transmission Parts, and its insurer, Liberty Mutual Insurance Company, admit that the claimant sustained an injury from an accident occurring August 3, 1987 while employed but contend (1) the action prescribed, and (2) the death was unrelated to the accident. The hearing officer maintained the exception of prescription, concluded the death was causally related to the accident, and awarded funeral expenses of $3,000 pursuant to La.R.S. 23:1210. All parties have appealed. We reverse in part.
It is undisputed the decedent suffered severe injuries while in the course and scope of his employment. He was 27 years of age at the time of the accident. He injured his right knee and ankle when the automobile in which he was riding struck a train. He was still under treatment for his injuries when he died March 21,1993.
At the time of the 1987 accident La.R.S. 23:1231 read in pertinent part:
For injury causing death within two years after the accident, there shall be paid to the legal dependent of the employee, actually and wholly dependent upon his earnings for support at the time of the accident and death, a weekly sum as hereinafter provided ...
However, if the employee leaves no legal dependents, the sumjjof twenty thousand dollars shall be paid to each surviving parent of the deceased employee, in a lump sum, which shall constitute the sole and exclusive compensation in such cases. [Emphasis added.]
However, at the time of the 1993 death La.R.S. 23:1231 had been amended effective August 21, 1992, and read in pertinent part as follows:
For injury causing death within two years after the last treatment resulting from the accident, there shall be paid to the legal dependent of the employee, actually and wholly dependent upon his earnings for support at the time of the accident and death, a weekly sum as provided in this Subpart ..
However, if the employee leaves no legal dependents entitled to benefits under any state or federal compensation system, the sum of twenty thousand dollars shall be paid to each surviving parent of the deceased employee, in a lump sum, which shall constitute the sole and exclusive compensation in such cases [Emphasis added].
The hearing officer concluded the right to death benefits terminated in 1989, two years after the accident. Mrs. Rhoto filed the claim July 12, 1993, a few months after the death. In Tho Thi Tran, et. al. v. Avondale Shipyards, Inc., 95-542 (La.App. 5th Cir. 11/15/95), 665 So.2d 507 we considered the issue of whether the amendment or the prior enactment applied to a situation wherein the accident was pre-amendment *1390 and the death was post-amendment. We held at 509-10:
Plaintiffs in the instant case could not have instituted a cause of action for the death of Mr. Nguyen prior to the date on which he actually died. Therefore, their cause of action could not have prescribed in 1987 as the trial court found. Rather, we agree, at least in part, with the analysis made by our brothers in the Third Circuit in Estate of Williams v. Louisiana Office of Risk Management, 93-795 (La.App. 3 Cir. 3/2/94), 634 So.2d 1260 [writ denied, 94-0793 (La. 5/6/94), 637 So.2d 1054]. There the court addressed the same issue as is before us, and analyzed the matter thusly:
Peremption is a period of time fixed by law for the existence of a right. LSA-C.C. Art. 3458. Louisiana jurisprudence has indicated that the test for determining whether a period for instituting an action is peremptive or prescriptive, is whether the statute creating the right also stipulates the time in which it must be exercised. Schulin v. Service Painting Co. Of Louisiana, 479 So.2d 939 (La.App. 1st Cir.1985), writ denied, 481 So.2d 634 (La.1986) [overruled on other grounds, Turner v. Maryland Casualty Co., 518 So.2d 1011 (La.1988) ].
|4When a statute creates a right of action, and stipulates the delay within which that right is to be executed, the delay thus fixed is not, properly speaking, one of prescription, but is one of peremption. Statutes of prescription simply bar the remedy. Statutes of per-emption destroy the cause of action itself. That is to say, after the limit of time expires the cause of action no longer exists; it is lost. Id.
The requirement of LSA-R.S. 23:1231 that death occur within a specified time does not stipulate the delay within which a right is to be executed and does not limit the time within which the cause of action expires. Rather, the statute creates a right of action itself and defines its existence with reference to a specific time period within which death of the worker must occur. Accordingly, we find that it is neither a prescriptive nor peremptive period. Rather, as stated in W. Malone & H.A. Johnson, Workers’ Compensation Law and Practice, Section 302 (La.Civ.L.Tr. vol. 14 1980), it is “a condition precedent to the accrual of the right of action for the dependents ...”
We agree with this holding in Williams, swpra, and we hold here that under this statute the death of the worker is a condition precedent to the accrual of the right of action of the defendants.
Therefore, if a worker dies within two years of the last date of treatment resulting from the work-related accident, a cause of action for death benefits arises. The concepts of “prescription” or “peremption” are simply not applicable to the matter. The plaintiffs do not have only two years within which to file the action; if the victim does not die, or dies more than two years after the last treatment, a cause of action under this section simply does not arise. In the present case, the plaintiffs’ cause of action arose after the effective date of the amendment to La.R.S. 23:1231. Therefore, an examination of the prospective versus the retrospective application of that law is unnecessary. La.R.S. 23:1231 as amended is applicable to plaintiffs’ case. [Footnotes omitted; emphasis in original].
Thus, the hearing officer erred in finding the action had prescribed.
Defendants, however, specify as error the hearing officer’s finding the death was causally related to the accident. We find no manifest error.
The testimony and evidence regarding causation were uncontradicted. Causation was established by the testimony of Dr. John Scharfenberg, an expert in the field of pathology, and a report by Dr. William Troxler, the physician attending the decedent at the time of death. Dr. Scharfenberg performed an autopsy on the decedent.
Dr. Troxler opined prior to the autopsy that:
Isis [sic] is suspected that the patient sustained an additional severe myocardial infarction, however [sic] was noted through *1391 out the course of the code that placement of lines continually clotted off so the possibility of the suspicion or [sic] pulmonary embolus was also entertained due to the patient’s obesity and his relative inactivity in addition to the chronic trauma that had been sustained in his right lower extremity. [Emphasis added.]
Thus, according to Dr. Troxler, had death been caused by pulmonary embolus this would be due to three factors, including the chronic trauma the decedent had sustained from the accident. Dr. Scharfenberg determined death to be cause by “massive bilateral pulmonary emboli.” He explained that blood clots in the major vessels of the lungs killed him.
Dr. Scharfenberg reviewed the medical records. These indicated the decedent’s leg injury had never properly healed since he had a non-healing ulcer in his leg. He stated blood clots, “in all probability originated in one of the legs,” and that the blood clots could have arisen from the leg injury. He explained that 95% of pulmonary emboli arise in blood clots within the larger veins of the lower legs.
Dr. Scharfenberg testified the decedent had two risk factors for developing pulmonary emboli. These were: obesity (resulting in sluggish circulation), and the major trauma from the accident. He did not know which was the greater risk. His review of the records revealed no history of problems with blood clotting. He explained that the fact his autopsy did not reveal clots in the legs did not indicate they were not there since they would have migrated to his lungs, causing his death.
The hearing officer found the testimony regarding causation to be credible. His factual findings are entitled to great weight and should not be disturbed absent manifest error. Baldwin v. Greater Lakeside Corp., 93-768 (La.App. 5th Cir. 1/25/94) 631 So.2d 1238. We find no manifest error. Furthermore, the fact that the decedent had a preexisting condition does not preclude recovery. Peveto v. WHC Contractors, 93-1402 (La. 1/14/94) 630 So.2d 689. In Toth v. Ensco Environmental Services, Inc., 546 So.2d 188 (La.App. 1st Cir.1989), reversed in part on other grounds, 551 So.2d 623 (La.1989), writ denied, 551 So.2d 632 (La.1989) the court explained at 190-191:
In order for the claimant to recover worker’s compensation benefits, it must be determined that the employment somehow caused or contributed to the disability, but it is not necessary that the exact cause be found. Walton v. Normandy Village Homes Association, Inc.[ 475 So.2d 320 (La.1985) ] Lucas v. Insurance Company of North America [342 So.2d 591 (La.1977)]. A claimant’s disability is presumed to have resulted from an accident if before the accident the claimant was in good health, but commencing with the accident the symptoms of the disabling condition appeared and continuously manifested themselves afterwards, provided either that there is sufficient medical evidence to show a reasonable possibility of causal connection between the accident and the disabling condition, Allor v. Belden Corporation, 393 So.2d 1233 (La.1981); Lucas v. Insurance Company of North America, supra, or that the nature of the accident, when combined with the other facts of the case, raises a natural inference through human experience of such a causal connection. Walton v. Normandy Village Homes Association, Inc., supra; Hammond v. Fidelity & Casualty Company of New York, 419 So.2d 829 (La.1982); Haughton v. Fireman’s Fund American Ins. Companies, 355 So.2d 927 (La.1978). Cf. Thomas v. U.S. Cas. Co., 218 Ga. 493, 128 S.E.2d 749 (1962).
A worker’s preexisting condition does not bar his recovery under the Louisiana Worker’s Compensation statute. An employer takes the worker as he finds him. An abnormally susceptible worker is entitled to no less protection under the compensation statute than a healthy worker. It is immaterial that the diseased or weakened condition eventually might have produced the disability outside the employment situation. Guillory v. United States Fidelity & Guaranty Insurance Company, 420 So.2d 119 (La.1982); Tucker v. Associated Grocers, Inc., 473 So.2d 328 (La.App. 1st Cir.1985), writ denied, 477 So.2d 716 *1392 (La.1985). In other words, a preexisting disease or infirmity of the employee does not disqualify a claim, if the work-related injury aggravated, accelerated, or combined with the disease or infirmity to produce death or disability for which compensation is claimed. Lucas v. Insurance Company of North America, supra; Johnson v. Travelers Insurance Co., 284 So.2d 888 (La.1973); Larson, Workmen’s Compensation Law, Sec. 12.21, p. 3-336.
When an employee proves that before the accident he had not manifested disabling symptoms, but that commencing with the accident the disabling symptoms appeared and manifested themselves thereafter, and that there is either medical or circumstantial evidence indicating a reasonable possibility of a causal connection between the accident and the activation of the disabling condition, the employee’s work-related injury is presumed to have aggravated, accelerated, or combined with his preexisting disease or infirmity to produce his disability. Walton v. Normandy Village Homes Association, Inc., supra; Hammond v. Fidelity & Casualty Company of New York, supra; Haughton v. Fireman’s Fund American Ins. Companies, supra; Sarah Simpson v. Caddo Parish School Board, 640 So.2d 997 (La.App. 2nd Cir.1989).
Once the disabled employee establishes the presumption of a causal relationship, the party denying the existence of the presumed fact assumes both the burden of producing evidence and the burden of persuasion on the issue. Walton v. Normandy Village Homes Association, Inc., supra. The presumption of causation is not irrebuttable, rather when established, its effect is to shift the burden of proof to the defendant. Robertson v. Scanio Produce & Institutional Foods, Inc., 449 So.2d 459 (La.1984); Haughton v. Fireman’s Fund American Ins. Companies, supra. In other words, in order for the party denying the existence of the presumed causal relationship to prevail, he must produce evidence and persuade the trier of fact that it is more probable than not that the work-related injury did not accelerate, aggravate, or combine with the preexisting disease or infirmity to ^produce the employee’s disability. Walton v. Normandy Village Homes Association, Inc., supra.
Accordingly, for the reasons stated, the judgment maintaining the exception of prescription and dismissing the claim for death benefits is reversed and judgment is now rendered in favor of Mrs. Robert L. Rhoto, Sr. and against Louisiana Transmission Parts, and its insurer, Liberty Mutual Insurance Company, denying the exception of prescription and awarding Mrs. Robert L. Rhoto, Sr. the amount of $20,000 in death benefits. The judgment is affirmed in all other respects. Costs are taxed to appel-lees.
REVERSED IN PART AND RENDERED; AFFIRMED IN PART.