JAMES F. McKAY, III Chief Judge.
|! Plaintiff, Elizabeth Garcia (“Ms. Garcia”), appeals the judgment of the Office of Workers’ Compensation granting a motion for summary judgment in favor of her employer, the City of New Orleans (“City”). For the reasons that follow, we affirm.

STATEMENT OF FACTS/PROCEDURAL HISTORY

The City employed Ms. Garcia as a police officer. Ms. Garcia filed a disputed claim for compensation, alleging that she sustained an injury after falling while coming down a stairwell at, the police station. Approximately sixteen hours after the incident, Ms. Garcia appeared at the emergency room and was hospitalized with acute appendicitis. Dr. Gary Danos performed an appendectomy on Ms. Garcia. Complications required Ms. Garcia to undergo a prolonged hospital stay and convalescence. Ms. Garcia averred that the fall at the police station caused the appendicitis.
The City filed a motion for summary judgment, wherein it argued that Ms. Garcia would not be able to establish a causal connection between the fall and the appendicitis. In support of the motion for summary judgment, the City introduced |2the deposition of Dr. Danos. Ms. Garcia also relied on Dr. Danos’ deposition testimony in opposition to the summary judgment.
*517 Dr. Danos testified that adults generally require an appendectomy when there is an obstruction, such as fecalith (a hard piece of fecal matter), tumors, or parasites. Dr. Danos stated that Ms. Garcia’s records did not mention an obstruction. However, Dr. Danos admitted that normally he is not looking for a cause of acute appendicitis when the surgery is performed. Dr. Da-nos recalled that the appendix was falling apart when he picked it up as it was gangrenous. Dr. Danos explained that the appendix becomes gangrenous when the blood supply is cut off, but he did not know what caused the blood supply to be cut off to Ms. Garcia’s appendix.
Dr. Danos testified that he did not know if he could give a cause to Ms. Garcia’s acute appendicitis, but noted that the proximity of the fall makes one feel that they had to consider the fall as a possibility. Dr. Danos acknowledged that there, is medical literature, which provides that blunt trauma can be a cause of acute appendicitis, though it is rare. Dr. Danos also explained that acute appendicitis can be idiopathic, in that you cannot find the cause. He stated that in this case, it was possible that Ms. Garcia’s appendicitis could have been idiopathic, and the trauma was coincidental.
After taking the matter under consideration, the workers’ compensation judge granted the City’s motion for summary judgment, dismissing Ms. Garcia’s claim with prejudice. From that judgment, Ms. Garcia filed the instant appeal.

STANDARD OF REVIEW

A motion for summary judgment is a procedural device used when there is no genuine issue of material fact for all or part of the relief prayed for by a litigant. | Samaha v. Rau, 2007-1726, pp. 3-4 (La.2/26/08), 977 So.2d 880, 882-83. “Generally, material facts are those that potentially ensure or preclude recovery, affect the litigant’s ultimate success, or determine the outcome of a legal dispute.” Safeway Ins. Co. of Louisiana, 2009-0074, pp. 2-3 (La.App. 4 Cir. 5/27/09), 13 So.3d 236, 238 (citing Prado v. Sloman Neptun Schiffahrts, A.G., 611 So.2d 691, 699 (La.App. 4 Cir.1992)).
Appellate courts review the granting or denial of a motion for summary judgment de novo under the same criteria governing the district court’s consideration of whether summary judgment is appropriate. Greemon v. City of Bossier City, 2010-2828, p. 6 (La.7/1/11), 65 So.3d 1263, 1267 (citing Schroeder v. Bd. of Supervisors of Louisiana State University, 591 So.2d 342, 345 (La.1991)). A summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B).[1]
If the court finds that a genuine issue of material fact exists, then summary judgment must be rejected. Martinez v. American Steelway Industries, L.L.C., 2009-0339, p. 3 (La.App. 4 Cir. 9/2/09), 20 So.3d 526, 528 (citing Oakley v. Thebault, 96-0937, p. 3 (La.App. 4 Cir. 11/13/96), 684 So.2d 488, 490). The burden of proof does not shift to the party opposing summary judgment until the moving party presents a prima facie case that no genuine issues of material fact exist. Id. At that point, if the opposing party “fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof 14at trial, there is no genuine issue of material fact.” La. C.C.P. art. 966(C)(2). *518 Summary judgment should then be granted. Martinez, 2009-0339, p. 4, 20 So.3d at 528 (citing Lomax v. Ernest Morial Convention Center, 2007-0092, pp. 2-3 (La.App. 4 Cir. 7/11/07), 963 So.2d 463, 465).

DISCUSSION

An employee is entitled to compensation benefits if he or she suffers a personal injury by an accident arising out of and in the course of employment. La. R.S. 23:1031. The Supreme Court has stated that under this statute a successful claimant’s proof must show personal injury which is the result of an accident, which accident arises out of and in the course of employment. Buxton v. Iowa Police Department, 2009-0520, pp. 11-12 (La.10/20/09), 23 So.3d 275, 283. The chain of causation required by the statutory scheme as adopted by the legislature in La. R.S. 23:1031 is that the employment causes the accident, the accident causes injury, and the injury causes disability. The employee has the burden of proving, by a preponderance of the evidence, that the resulting disability is related to an on-the-job injury. Id. at p. 12, 23 So.3d at 283.
In this appeal, Ms. Garcia asserts that the workers’ compensation judge erred in granting the motion for summary judgment on the issue of causation. Ms. Garcia argues that she only had to show a reasonable possibility that the appendicitis was caused by the fall at the police station, which she maintains was established through Dr. Danos’ deposition testimony.
In support of her argument, Ms. Garcia cites Walton v. Normandy Village Homes Ass’n, Inc., 475 So.2d 320 (La.1985). Specifically, Ms. Garcia points to the portion of the decision wherein the Court stated:
lsAs in other civil suits the employee in a worker compensation proceeding initially has the burden of establishing his disability and its causal relation with the employment accident by a preponderance of the evidence. Lucas v. Ins. Co. of N.A., 342 So.2d 591 (La.1977); Prim v. City of Shreveport, 297 So.2d 421 (La.1974). Malone & Johnson, 13 Louisiana Civil Law Treatise, Worker’s Compensation (2d ed.) § 256, p. 562. In order for the employee to recover, it must be determined that the employment somehow caused or contributed to the disability, but it is not necessary that the exact cause be found. Lucas v. Ins. Co. of N.A., supra; Malone & Johnson, supra. A claimant’s disability is presumed to have resulted from an accident, however, if before the accident the injured person was in good health, but commencing with the accident the symptoms of the disabling condition appear and continuously manifest themselves afterwards, providing either that there is sufficient medical evidence to show there to be a reasonable possibility of causal connection between the accident and the disabling condition, Altor v. Belden Corp., 393 So.2d 1233 (La.1981); Lucas v. Ins. Co. of N.A., supra, or that the nature of the accident, when combined with the other facts of the case, raises a natural inference through human experience of such a causal connection. Haughton v. Fireman’s Fund American Ins. Cos., 355 So.2d 927 (La.1978); Cf. Thomas v. U.S. Cas. Co., 218 Ga. 493, 128 S.E.2d 749 (1962); Malone & Johnson, supra.
Walton, 475 So.2d at 324.
Citing Prim, supra at 422, the Supreme Court further noted in Buxton:
Although procedural rules are construed liberally in favor of workmen’s compensation claimants, the burden of proof, by a preponderance of the evidence, is not relaxed. Thus, the testimony as a whole must show that more *519 probably than not an employment accident occurred and that it had a causal relation to the disability. If the testimony leaves the probabilities equally balanced, the plaintiff has failed to carry the burden of persuasion. Likewise, the plaintiffs case must fail if the evidence shows only a possibility of a causative accident or leaves it to speculation or conjecture.
Buxton, 2009-0520, p. 12, 23 So.3d at 283.
First, we note that there is no evidence in the record regarding the state of Ms. Garcia’s health prior to the fall. Additionally, the testimony of Dr. Danos provided that the probabilities were left equally balanced between the fall causing the appendicitis and the appendicitis being idiopathic. It is evident from his |fitestimony that Dr. Danos could not say that Ms. Garcia’s appendicitis was more probably than not caused by the fall. Thus, Ms. Garcia failed to carry her burden.
Ms. Garcia further argued before the trial court that Dr. Danos provided a differential diagnosis during his testimony, i.e., he eliminated every other possibility then determined that the fall was the most likely cause. We disagree. “Differential diagnosis” has been defined as:
[a] standard scientific technique of identifying the cause of a medical problem by eliminating the likely causes until the most probable one is isolated. A reliable differential diagnosis typically, though not invariably, is performed after “physical examinations, the taking of medical histories, and the review of clinical tests, including laboratory tests,” and generally is accomplished by determining the possible causes for the patient’s symptoms and then eliminating each of these potential causes until reaching one that cannot be ruled out or determining which of those that cannot be excluded is the most likely. This technique “has widespread acceptance in the medical community, has been subject to peer review, and does not frequently lead to incorrect results.”
Keener v. Mid-Continent Cas., 2001-1357, pp. 10-11 (La.App. 5 Cir. 4/30/02), 817 So.2d 347, 354 (quoting Westberry v. Gislaved Gummi AB, 178 F.3d 257, 262-263 (4th Cir.1999)). The Keener court further noted that a “review of Louisiana cases shows that physicians’ use of differential diagnosis is usual and customary to evaluate a patient’s symptoms, and a physician’s failure to employ this method to arrive at a diagnosis has been found to breach the standard of care.” Keener, 2001-1357, p. 11, 817 So.2d at 354.
Dr. Danos testified that because the more common causes of appendicitis were not present in Ms. Garcia’s case, the fall had to be considered because it was the only thing that was left. However, upon further questioning, Dr. Danos testified that it is possible that the appendicitis was idiopathic, and that the fall sustained by Ms. Garcia was coincidental. After reviewing the testimony, we find |7that Dr. Danos did not perform a differential diagnosis, i.e., he did not isolate the fall as the most probable cause of Ms. Garcia’s appendicitis.

CONCLUSION

Following our de novo review of the record, we conclude that Ms. Garcia failed to produce factual support sufficient to establish that she will be able to satisfy her evidentiary burden of proof at trial. Therefore, there is no genuine issue of material fact, and the motion for summary judgment was properly granted. The judgment of the trial court is affirmed.
AFFIRMED

. We note that La. C.C.P. art. 966(B) was amended in 2012 to delete "on file.” However as this case was filed prior to the amendment the former version is applicable.