Judge TERRI F. LOVE.
|, This appeal arises from the injuries sustained by the plaintiff, who alleged that his injuries were covered pursuant to general maritime law and the Longshore Harbor Workers Compensation Act. The defendants filed a motion for summary judgment, which was granted by the trial court. However, we find that the trial court improperly considered the exhibits attached to the motion for summary judgment that were not automatically deemed admitted into evidence because the amendment to La. C.C.P. art. 966 does not apply retroactively. Therefore, we reverse the ruling of the trial court and remand for further proceedings.

FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Jeff Mason was working for Chalmette Levee Constructors Joint Venture (“CLC”) when he sustained a tibial plateau fracture, which allegedly lead to avascular necrosis in the hip. Mr. Mason subsequently filed a Petition for Damages against T & M Boat Rentals, LLC (“T & M”), Lester Nunez, CLC, and M.V. Mr. Charles (“The Mr. Charles”)[1] seeking damages arising from his injuries based upon the theory of “maritime negligence.” The Defendants filed a Motion for Summary Judgment asserting that no genuine issues of material fact existed |2because Mr. Mason’s only remedy relative to CLC was through the Longshore Harbor Workers Compensation Act (“LHWCA”), that T & M was not liable because it chartered The Mr. Charles to CLC, and that Mr. Mason possessed no claims against The Mr. Charles because he was not a Jones Act seamen. The trial court granted the Defendants’ Motion for Summary Judgment, but granted Mr. Mason leave to amend his Petition for Damages.
Mr. Mason then filed his First Supplemental and Amended Petition asserting a cause of action pursuant to 33 U.S.C.A. 905(b) of the LHWCA. The Defendants filed a second Motion for Summary Judgment based upon the original suppositions with the additional contention that Mr. Mason “was not engaged in longshore activities, was not engaged in maritime employment and is not covered under the LHWCA.” Mr. Mason filed a Motion for Leave to File a Second Supplemental and Amended Petition. Following a hearing, the trial court denied Mr. Mason’s Motion for Leave to File a Second Supplemental and Amended Petition and granted the Defendants’ second Motion for Summary Judgment, dismissing Mr. Mason’s claims with prejudice. Mr. Mason’s devolutive appeal followed.
Mr. Mason contends that the trial court erred in relying on evidence not offered, introduced, and admitted into evidence at the hearing, in striking and refusing to admit Mr. Mason’s affidavit, which was attached to the Motion for Leave to File Second Supplemental and Amended Petition, and erred in granting the Defendants’ Motion for Summary Judgment because genuine issues of material fact exist re *743 garding Mr. Mason’s coverage by the LHWCA.

MOTION FOR LEAVE TO FILE REPLY BRIEF

Counsel for Mr. Mason filed a Motion for Leave to File Reply Brief on |s January 31, 2014, after both parties filed their supplemental briefs following oral argument, as ordered by this Court. The Motion for Leave to File Reply Brief is denied.

STANDARD OF REVIEW

A motion for summary judgment “shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions, together with the affidavits, if any, admitted for purposes of the motion for summary judgment, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.” La. C.C.P. art. 966(B)(2). The burden of proof on the motion for summary judgment remains with the mov-ant. La. C.C.P. art. 966(C)(2). However,
[I]f the movant will not bear the burden of proof at trial ... the movant’s burden on the motion does not require him to negate all essential elements of the adverse party’s claim, action, or defense, but rather to point out ... that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense.
La. C.C.P. art. 966(C)(2). The adverse party must “then produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial” to defeat the motion for summary judgment. La. C.C.P. art. 966(C)(2).
This Court reviews the trial court’s grant of a motion for summary judgment utilizing the de novo standard of review. Transworld Drilling Co. v. Texas Gen. Res., Inc., 604 So.2d 586, 589 (La.App. 4th Cir.1992). This Court will review the record “using the same criteria applied by trial courts to determine whether summary judgment is appropriate.” Id.

AMENDMENTS TO LA. C.C.P. ART. 966

Mr. Mason contends that the trial court erred by considering evidence that |4was not properly offered, accepted, and introduced as evidence at the hearing on the motion for summary judgment.
Pursuant to Acts 2012, No. 257, § 1, approved on May 25, 2012, and effective August 12, 2012, La. C.C.P. art. 966(E)(2) provided that “[o]nly evidence admitted for purposes of the motion for summary judgment shall be considered by the court in its ruling on the motion.” The amendment also revised La. C.C.P. art. 966(B)(2) by deleting “on file” as follows:
[t]he judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.
However, pursuant to Acts 2013, No: 391, § 1, approved on June 18, 2013, and effective on August 1, 2013, (E)(2) was entirely eliminated and (F)(2) was revised to read as follows:
[evidence cited in and attached to the motion for summary judgment or memorandum filed by an adverse party is deemed admitted for purposes of the motion for summary judgment unless excluded in response to an objection made in accordance with Subparagraph (3) of this Paragraph. Only evidence admitted for purposes of the motion for summary judgment may be considered by the court in its ruling on the motion. (Emphasis added.)
*744 Also, La. C.C.P. art. 966(B)(2) was revised as follows:
[t]he judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions, together with the affidavits, if any, admitted for purposes of the motion for summary judgment, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law. If the motion for summary judgment is denied, the court should provide reasons for the denial on the record, either orally upon rendition or in writing sua sponte or upon request of a party within ten days of rendition. (Emphasis added.)
| sThe Defendants’ second motion for summary judgment was filed in November 2012 and the trial court ruled in December 2012. Accordingly, Mr. Mason asserts that the version of La. C.C.P. art. 966 in effect at that time of the hearing and ruling on the Defendants’ motion for summary judgment applied. The Defendants aver that the version of La. C.C.P. art. 966, effective on August 1, 2013, retroactively pertained to the summary judgment proceedings and, consequently, the analysis of this appeal.
La. C.C. art. 6 provides that “[i]n the absence of contrary legislative expression, substantive laws apply prospectively only. Procedural and interpretative laws apply both prospectively and retroactively, unless there is a legislative expression to the contrary.” Although La. C.C.P. art. 966 is contained in the Louisiana Code of Civil Procedure, its retroactivity is not presumed. This Court must “engage in a two-fold inquiry.” Cole v. Celotex Corp., 599 So.2d 1058,1063 (La.1992). “First, we must ascertain whether in the enactment the legislature expressed its intent regarding retrospective or prospective application.” Id. “If the legislature did not, we must classify the enactment as substantive, procedural or interpretive.” Id. “Substantive laws either establish new rules, rights, and duties or change existing ones.” St. Paul Fire & Marine Ins. Co. v. Smith, 609 So.2d 809, 817 (La.1992). “Interpretive laws, on the other hand, do not create new rules, but merely establish the meaning that the interpretive statute had from the time of its enactment.” Id. “When an existing law is not clear, a subsequent statute clarifying or explaining the law may be regarded as interpretive, and the interpretive statute may be given retrospective effect because it does not change, but merely clarifies, pre-existing law.” Id.
|BThe version of La. C.C.P. art. 966 in effect at the time of the hearing and the trial court’s ruling required that evidence used to support or oppose a motion for summary judgment be “admitted” instead of simply being “on file.” Therefore, the statute, at the time, required the mover to offer, introduce, and receive permission from the trial court to admit evidence into the record on a motion for summary judgment. This also placed an onus on the opponent to object to any evidence “admitted” by the trial court. That amendment placed new duties upon both the mover and the opponent of a motion for summary judgment in order to ensure that only “admitted” evidence was in the record as opposed to being “on file.” The amendment to La. C.C.P. art. 966 currently in effect provides that “[e]vidence cited in and attached to the motion for summary judgment ... is deemed admitted.” Thus, the new amendment removed the duties the previous version placed upon both parties and changed the parties’ required duties. Accordingly, we find that Acts 2013, No. 391, 1 is substantive in nature and cannot be applied retroactively because to do so would remove the Defendants’ responsibility to introduce evidence and deprive Mr. Mason’s right to object to *745 the admission of evidence the trial court was required to approve and deem admitted.
The Defendants contend that [c]ounsel for Defendants did not have an opportunity to formally introduce the evidence attached to the briefs because no oral argument commenced. The transcript reveals otherwise. Once the trial court ruled at the scheduled hearing regarding Mr. Mason’s Motion for Leave to File Second Supplemental and Amended Petition, the trial court stated that the hearing for the Defendants’ motion for summary judgment was scheduled for January 4, 2013, but that if both parties waived their rights “to be noticed and to have that opportunity to respond,” it would proceed with a ruling. The trial court then |7reiterated numerous times that those rights belonged to the parties and could not be waived by the trial court. Both parties waived their rights and stated that they were prepared to proceed. The trial court then asked, “[y]ou all want to argue it” Counsel for the Defendants stated, “I am prepared to submit it on the brief, Your Honor.” Therefore, the Defendants’ assertion that there was no opportunity to formally introduce evidence is disingenuous.
Defendants further aver that this Court previously held that the latest amendment to La. C.C.P. art. 966 was retroactive in Igbokwe v. Moser, 12-1366 (La.App. 4 Cir. 4/24/13), 116 So.3d 727, 730, writ denied, 13-1196 (La.9/13/13), 120 So.3d 698, and Garcia v. City of New Orleans, 12-1459 (La.App. 4 Cir. 4/3/13), 115 So.3d 515, 516. This argument also lacks merit. Neither Igbokwe nor Garcia discussed the retroac-tivity of Acts 2013, No. 391, 1. Both cases merely referenced the deletion of “on file” in La. C.C.P. art. 966(B)(2) in identical footnotes that state: “[w]e note that La. C.C.P. art. 966(B) was amended in 2012 to delete ‘on file.’ However as this case was filed prior to the amendment the former version is applicable.” Igbokwe, 12-1366, p. 3, 116 So.3d at 730, n. 2; Garcia, 12-1459, p. 3, 115 So.3d at 517, n. 1. In fact, if we analyze the dicta contained in these footnotes, this Court stated that the amendment that deleted “on file” was not applicable because the cases occurred pri- or to the amendment. Thus, this Court discussed that the amendment would not be applied retroactively. Therefore, having found that the Defendants’ assertions lack merit and that the new version of La. C.C.P. art. 966 cannot be applied retroactively, we reverse the trial court’s granting of the Defendants’ Motion for Summary Judgment and remand for further proceedings.

IsDECREE

For the above-mentioned reasons, we find that the trial court improperly considered the exhibits attached to the Defendants’ Motion for Summary Judgment that were not automatically deemed admitted into evidence because the amendment to La. C.C.P. art. 966 does not apply retroactively. Therefore, the trial court’s ruling is reversed and the matter is remanded for further proceedings.
REVERSED AND REMANDED, MOTION DENIED.

. T & M, CLC, and The Mr. Charles are collectively referred to as the Defendants.